# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ABEL MARTINEZ, | Case No. 1:19-cv-01078-EPG-HC |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner Abel Martinez is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition is unexhausted, the undersigned recommends dismissal of the petition without prejudice.

**I.**

**BACKGROUND**

On July 17, 2019, Petitioner filed the instant federal habeas petition in this Court challenging his 1998 Kern County Superior Court conviction and sentence in light of new law, citing to California Penal Code section 1170(d)(1). (ECF No. 1). On September 30, 2019,[1] the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 7). To date, Petitioner has failed to file a response, and the time for doing so has passed.

---
[1] The order was signed on September 27, 2019 but was not entered on the docket until September 30, 2019.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, it appears that Petitioner has only presented his claims to the superior court and has not presented any claims to the California Supreme Court. (ECF No. 1 at 6).[2] It is possible that Petitioner has presented all of his claims to the California Supreme Court and failed to indicate this to the Court. However, as Petitioner has not responded to the order to show cause, it appears that Petitioner failed to exhaust his claims in the petition. If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for nonexhaustion.

///

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

|  |  |
|---|---|
| 1 | Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to |
| 2 | the present matter. |
| 3 | This Findings and Recommendation is submitted to the assigned United States District |
| 4 | Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local |
| 5 | Rules of Practice for the United States District Court, Eastern District of California. Within |
| 6 | **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file |
| 7 | written objections with the court and serve a copy on all parties. Such a document should be |
| 8 | captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned |
| 9 | United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 |
| 10 | U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified |
| 11 | time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d |
| 12 | 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated:   **December 13, 2019**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE